## State v. Weaver
### [Cite as 5 AOA 103]

*Case No. WD-89-70*
*Wood County, (6th)*
*Decided July 13, 1990*

*Chester Marcin, for Appellee.*

*Frederic Matthews, for Appellant.*

HANDWORK, P.J.

This case is before the court on appeal from the September 25, 1989 judgment of the Bowling Green Municipal Court which suspended the operating license of appellant, David A. Weaver, for ninety days.

Appellant brings this appeal asserting a single assignment of error which reads as follows:

"THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO DISMISS THE CHARGE OF FAILURE TO MAINTAIN PROOF OF FINANCIAL RESPONSIBILITY ON THE VEHICLE AT TIME OF THE TRAFFIC STOP."

The facts in this case are undisputed. Appellant was cited on March 8, 1989 for two traffic violations; namely, failure to display operator's license at the time of stop (R.C. 4507.35) and failure to maintain insurance on vehicle at time of stop (R.C. 4509.101). The first charge was dismissed by the court on August 30 and September 11, 1989, with the consent of appellee, state of Ohio. The court also found that only civil penalties could be imposed for the violation of the second count. The only remaining issue for trial was whether appellant could be charged with violating R.C. 4509.101, more accurately identified as the failure to maintain proof of financial responsibility, when he had not been cited for another traffic offense.

The trial court held that the legislature intended to provide that a driver must be able to verify proof of financial responsibility at any time. Therefore, the court concluded that R.C. 4509.101 did not require that appellant be charged with another traffic offense in order to charge him with violating that section. The case then proceeded to trial, and the trial court found appellant guilty of violating R.C. 4509.101 and suspended his operator's license for a period of ninety days. Execution of the sentence was stayed pending appeal.

On appeal, appellant argues that a driver must verify proof of financial responsibility only when required to appear in court pursuant to a traffic offense under Traffic Rule 13(B) or when he has been involved in a traffic accident and a report must be filed pursuant to R.C. 4509.101(A)(3). We agree.

R.C. 4509.101(A)(1) provides that:

"No person shall operate, or permit the operation of, a motor vehicle in this state, unless proof of financial responsibility is maintained with respect to that vehicle, or, in the case of a driver who is not the owner, with respect to his operation of that vehicle."

Although this provision requires that proof of financial responsibility be maintained, other subsections of R.C. 4509.101 provide for only two procedures for determining whether the prohibition has been violated. R.C. 4509.101(A)(3) and (B)(1) provide that a driver must verify the existence of financial responsibility at the time he is charged with a traffic offense specified in Traffic Rule 13(B) which requires a court appearance. R.C. 4509.101(A)(3) and (C)(1) also require a driver to verify the existence of proof of financial responsibility when he is involved in a traffic accident which requires the filing of an accident

report. Therefore, a driver is not required to verify the existence of proof of financial responsibility in other situations. See amended Am. Sub. S.B. 250 (As Passed by the Senate), 114th G.A., Committee Notes, (1982). See, also, *Berea v. Pelosa* (June 23, 1988), Cuyahoga App. No. 54937, unreported.

Accordingly, we conclude that appellant cannot be convicted of the charge herein, failing to maintain proof of financial responsibility, when he was not charged with a traffic offense and was not involved in a traffic accident. Wherefore, we find appellant's sole assignment of error well-taken.

Having found that substantial justice has not been done the party complaining, the judgment of the Bowling Green Municipal Court is reversed. Pursuant to App. R. 24, appellee is hereby ordered to pay the court costs incurred in connection with this appeal.

*Judgment reversed.*

HANDWORK, P.J., ABOOD, J., RESNICK, J., concur.